**PLAINTIFF'S EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN DOE** and **JANE DOE** | : | Case No. |
| Plaintiffs, | : | Judge |
| | : | Magistrate Judge |
| v. | : | |
| **JAMES HAAS**, et. al, | : | |
| | : | |
| Defendants. | : | |

**DECLARATION OF JOHN DOE**

I, John Doe, being of sound mind and with personal knowledge of the facts, do hereby make this declaration under penalty of perjury, pursuant to 28 U.S.C. 1746(2), this 29th day of February, 2012:

1. I am currently 41 years old. I started dating Mrs. Doe at the age of sixteen, and we were married at the age of twenty-one. Mrs. Doe and I have four children; three boys aged seventeen, thirteen, and eight, and one daughter who is fifteen. I currently live in temporary accommodations in Newark, Ohio, which is located in Licking County.

2. In 2005, I pled guilty to one count of rape, six counts of unlawful sexual conduct with a minor and three counts of sexual imposition. The offenses involved two female teenagers who were not related to me.

3. I was sentenced to seven years incarceration, and in 2010, the sentence was amended to require that I serve five (5) years of post-release control ("PRC"). I was released on January 24, 2012 after serving the seven years.

4. The sentencing judge adjudicated me to be a sexually oriented offender and ordered that I register as a sex offender for ten years. Under Ohio's sex offender classification scheme, the sexually oriented offender designation is the lowest risk level of the available classifications.

5. Faith is very important to me and my family, especially during challenging times. Because of our faith, my wife and I resolved to keep our marriage strong during my incarceration.

6. During my incarceration my wife and children visited me twice per month, the maximum number of family visits allowed under prison rules. I spoke with my wife nearly every evening over the seven years. I called and wrote to my wife and family nearly every night while incarcerated.

7. During these nightly calls home, I would talk with my children about their progress in school and about other areas of their lives. I would referee disputes between the children or would serve as the mediator when the children disagreed with their mother. In my calls and letters to my family I always expressed my love for them and frequently offered words of parental advice, wisdom and encouragement.

8. As I prepared to return to the community, I completed an Adult Parole Authority (APA) form indicating where I would be living once I left incarceration so my parole officer Mr. Haas could approve the address. I indicated in September of 2011 that I intended to return to my house with my wife and children.

9. On or about October 18, 2011, my case manager informed me that I must find a suitable residence because I could not live with my children. I explained the difficulty of maintaining the expenses of a second home in the context of a struggling economy.

10. On or about January 11, 2012, Defendant Haas provided me with a partial map of Newark, Ohio. (Newark map) (Attached to John Doe Decl. as Exhibit A) The map included his

2

business card stapled to it and a handwritten notation marking the location of the "Homeless Offender Bridge."

11. Defendant Haas also informed me that "no contact" with my children included phone, writing, email or communication in any fashion. Additionally he mentioned that these restrictions could last for the entire 5 year PRC period.

12. Days before my release, I informed Defendant Haas of a temporary alternative home in a vacant home of a childhood friend. Defendant Haas approved this address on January 23, 2012, the day before my release.

13. I was released from prison on January 24, 2012. Upon release, I received an Adult Parole Authority document called "Conditions of Supervision." The conditions included the provision that I have "no contact with minors w/o PO permission." (Conditions of Supervision) (Attached to John Doe Decl. as Exhibit B) Defendant Haas reiterated that I was prohibited from having any contact whatsoever with my children, including by phone, email, or letter.

14. On the day of my release, I also received an Adult Parole Authority document entitled "Grievance Procedures." The document explains that I do not have the right to use the administrative grievance process to complain about Parole Board imposed conditions. (Grievance Procedures)(Attached to John Doe Decl. as Exhibit C) Then Defendant Haas told me that the restriction on my living at my house with my family was not grievable.

15. Since being released from prison, I have not communicated with my children.

16. My son turns fourteen on March 1, and I cannot even call him to wish him a happy birthday.

17. Although Defendant Haas has approved my attendance at the family church, he has told me that there must be at least one adult between me and my children. Also, I may not talk to my children at church.

3

18. As of February 14, 2012, I am prohibited from visiting my home even when the children are not there. Additionally, Defendant Haas required me to wear a GPS tracking device that will alert the Adult Parole Authority if I go near certain "exclusion zones." Defendant Haas informed me that one of those zones is our family home. Thus, I risk violating PRC if I go home, even if the children are not there. As a result, I can't maintain our home, which is desperately in need of upkeep.

19. I have never abused my children, and I am not a risk to them. I love them and want to be the best father I can be. I also want to be the husband that my wife deserves. If these restrictions remain in effect during the entire period of my PRC, I will miss the opportunity to raise my children, only one of whom will still be a minor. And I fear that the current strain and burden on our marriage will become so overwhelming, that our marriage will be destroyed.

20. My criminal proceedings were extensively covered by the media. This intense media coverage almost destroyed our family, especially our children. I need to proceed as a John Doe to protect my children, my wife, and me from any more media coverage. I fear that additional media coverage could result in physical harm to Mrs. Doe, my children, or me, especially after the false anonymous letter was sent.

**I declare under penalty of perjury that the foregoing is true and correct.**

*John Doe*
Mr. Doe

4



STATE OF OHIO
Department of Rehabilitation and Correction
Adult Parole Authority

# CONDITIONS OF SUPERVISION


PLAINTIFF'S EXHIBIT B

In consideration of having been granted supervision on Jan 24, 2012.

1. I will obey federal, state and local laws and ordinances, including those related to illegal drug use and registration with authorities.

2. I will follow all orders given to me by my supervising officer or other authorized representatives of the Court or the Department of Rehabilitation and Correction, including, but not limited to informing my officer of any change in residency the next business day, and submitting to drug testing.

3. I will obtain a written travel permit from the Adult Parole Authority before leaving the State of Ohio.

4. I will not purchase, possess, own, use or have under my control, any firearms, ammunition, dangerous ordnance, devices used to immobilize or deadly weapons. I will obtain written permission prior to residing in a residence where these items are securely located.

5. I agree to fully participate in, and comply with, Special Conditions that will include programming/intervention to address very high, high, and moderate domains if indicated by a validated risk tool selected by DRC and any other special conditions imposed by the Parole Board, Court, or Interstate Compact:
APA Supervision; No contact w Minors w/o PO Permission & No contact w Victim's and or with Victims family members.

Not eligible for reduction; SOS PII

*3rd Floor Courthouse, Check Court Costs and set up payment plan*
*10pm in house*
*Report 1st Working Thursday Monthly - Licking Co. Courtroom/Jail 9a-3:30p*

## NOTICE

1. I understand that if I am arrested outside the State of Ohio, my signature as witnessed at the end of the page will be deemed to be a waiver of extradition and that no other formalities will be required for an authorized agent of the State of Ohio to bring about my return.

2. Pursuant to section 2967.131, I will be subject to warrantless searches.

3. I will be required to pay supervision fees in the amount of $20.00 per month unless waived by the Adult Parole Authority.

I have read or had read to me the conditions of my PRC. I fully understand these conditions and I agree to follow them. I understand that violation of any of these conditions may result in the revocation of my PRC which may result in additional imposed sanctions, including imprisonment. In addition, I understand that I must follow these conditions until notified by my supervising officer. By my signature I acknowledge that I have received a copy of these conditions of supervision.

| Witness: | Date: Jan 24, 2012 | Offender Signature: | Date: |
|---|---|---|---|

| Staff Assistance Required: | ☐ Yes  ☒ No | | |
|---|---|---|---|
| Language: | ADA Accommodations--Type: | | |
| Literacy | Other: | | |
| Staff Providing Assistance: | | Date: | |

DRC 3019 (Rev. 01/12)



# Department of Rehabilitation and Correction
## ADULT PAROLE AUTHORITY
# Grievance Procedures

**PLAINTIFF'S EXHIBIT C**

All offenders under the supervision of the Adult Parole Authority (APA) are afforded the opportunity to voice complaints or grievances in certain situations. The grievance procedure is a method of formally presenting complaints to the APA when a offender has been unsuccessful in attempting to resolve a complaint through normal channels.

A grievance is a complaint about any policy, rule, practice or act by the Adult Parole Authority or its employees which directly affects the offender making the complaint and which is presented for resolution through the process outlined below.

**What is grievable?** Grievances may involve any aspect of community supervision which affects a grievant personally, including:
1. Special conditions of supervision other than those imposed by the court or parole board.
2. Complaints regarding failure on the part of the APA, or any of its staff to follow policies, procedures, and/or administrative rules and regulations.
3. Complaints regarding the actions of a staff member(s) that have resulted in direct or indirect injury to the offender.
4. Payment of supervision fee where the offender has an ongoing permanent injury or condition.
5. Complaints in regard to the continuation of supervision beyond the statutory minimum period (e.g. On year for most offenders on parole).

**What is NOT grievable?**
1. Parole Board ordered Special Conditions and/or Sanctions.
2. Court ordered Special Conditions and/or Sanctions.
3. Arrest for Supervision violations.
4. Failure to follow the directions/instructions of the supervising officer.
5. Final decision of previous grievances.
6. Complaints unrelated to supervision, e.g. prison complaints, legislative action, judicial proceedings and sentencing.
7. Any subject matter exclusively within the jurisdiction of the Courts or other agencies, e.g. Human Services.

**Procedure:**

The offender should first attempt to resolve the complaint or problem at the unit level through meetings with the supervising officer or unit supervisor. If this is not productive or possible within seven (7) business days after a conference to resolve the issue, the offender must inform the Regional Administrator of the grievance in writing, on the grievance form (DRC3219) which is available at the District Office. Attempts will be made to resolve the grievance at this level. If the problem is not resolved at this level, an appeal process to the Superintendent's Office is available. Appeals must be filed within fifteen (15) business days of the receipt of the Regional Administrator's decision.

**The above grievance procedure has been read and thoroughly explained to me. I am indicating by my signature that I understand this process.**

| Offender Signature: | Number: | Date: |
|---|---|---|
| Officer Signature: | | Date: |

DRC 3218 (REV. 01/01)   DISTRIBUTION:   WHITE - File   CANARY - Parole Probationer