PLAINTIFF'S EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN DOE** and **JANE DOE** | : | Case No. |
| Plaintiffs, | : | Judge |
| | : | Magistrate Judge |
| v. | : | |
| **JAMES HAAS**, et al., | : | |
| | : | |
| Defendants. | : | |

### DECLARATION OF DAVID A. SINGLETON

I, David A. Singleton, being of sound mind and with personal knowledge of the facts, do hereby make this declaration under penalty of perjury, pursuant to 28 U.S.C. 1746(2), this 29th day of February, 2012:

1. I am the trial attorney for the Plaintiffs in this case.

2. I am also the supervising attorney for three law students who are participating in the representation of Plaintiffs under S.D. Ohio Civ. R. 83.6. One of those students is Deana Taylor.

3. On Monday, February 27, 2012, Ms. Taylor and I called Austin Stout, Assistant Counsel for the Ohio Department of Rehabilitation and Correction. The purpose of the call was to discuss possible resolution of the above-referenced case prior to commencing litigation.

4. During the call, Ms. Taylor gave Mr. Stout the actual name of Plaintiff John Doe so that he could look into the matter. We both indicated to Mr. Stout that we would likely file suit on Wednesday, February 29, 2012. Mr. Stout indicated he would investigate the matter and get back to us.

5. On February 28, 2012, Ms. Taylor and Mr. Stout discussed the case. Mr. Stout indicated that he had not yet spoken to Defendants and anticipated being able to do so by Friday, March 2. He asked Ms. Taylor whether Plaintiffs would hold off filing suit until he had spoken to Defendants. Ms. Taylor indicated that she would need to speak with me, and that we would need to consult with our clients.

6. After speaking with me, Ms. Taylor left a message for Mr. Stout explaining that it was important that Mr. Doe have contact with his son on Thursday, March 1, 2012, which is his son's fourteenth birthday. She asked if Mr. Stout could find out whether Defendants would object to Mr. Doe being able to speak to his son on his son's birthday.

7. We did not receive a response from Mr. Stout on February 29, 2012.

8. I make these representations not to call into question Mr. Stout's good faith. To the contrary, I have always found him to be reasonable.

9. However, Plaintiffs are in a position where they must go forward with the case. It is our hope that amicable dialogue will continue.

**I declare under penalty of perjury that the foregoing is true and correct.**

/s/ David A. Singleton
David A. Singleton