

1 of 197 DOCUMENTS

**UNITED STATES OF AMERICA, Plaintiff-Appellee v. CHRISTOPHER LYNN OLIPHANT, Defendant-Appellant**

**No. 11-10331 Summary Calendar**

**UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT**

*2012 U.S. App. LEXIS 152*

**January 4, 2012, Filed**

**NOTICE:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [*1]
 Appeal from the United States District Court for the Northern District of Texas. USDC No. 5:10-CR-48-1.

**DISPOSITION:** AFFIRMED.

**COUNSEL:** For UNITED STATES OF AMERICA, Plaintiff - Appellee: Brian Wade McKay, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Dallas, TX.

For CHRISTOPHER LYNN OLIPHANT, Defendant - Appellant: Kevin Joel Page, Federal Public Defender's Office, Northern District of Texas, Dallas, TX; Michael Lowell King, Assistant Federal Public Defender, Federal Public Defender's Office, Northern District of Texas, Lubbock, TX.

**JUDGES:** Before REAVLEY, SMITH, and PRADO, Circuit Judges.

**OPINION**

PER CURIAM: [*]

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Christopher Lynn Oliphant appeals the sentence imposed following his guilty plea to making a bomb threat and making threats against the President. Oliphant challenges the sex-offender related special conditions of his supervised release. We affirm.

Oliphant first argues that the district court was required to give him notice before imposing the special conditions of his release. Because Oliphant [*2] made no objection to the lack of notice in the district court, we review this argument for plain error only. *See United States v. Milton, 147 F.3d 414, 420 (5th Cir. 1998)*. Because it is unclear whether, post-*Booker*,[1] there is a notice requirement for any conditions of supervised release, it cannot be said that the district court plainly erred in not providing Oliphant notice. *See United States v. Weatherton, 567 F.3d 149, 155-56 (5th Cir. 2009)*.

[1] *United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)*.

Oliphant next argues that there is a conflict between the written judgment and oral pronouncement insofar as the written judgment contains a strict no-contact-with-persons-under-the-age-of-18 provision with no exception for probation officer approval. Our review is for abuse of discretion. *United States v. Mireles, 471 F.3d 551, 557 (5th Cir. 2006)*. The written judgment is more narrow than the oral pronouncement in that the second written special condition does not provide that contact may be had with persons under the age of 18 if prior approval is obtained from the probation officer. Nevertheless, the fourth written special condition prohibits Oliphant from having "any form of unsupervised contact [*3] with persons under the age of 18 at any location" unless he first obtains the permission of his

probation officer. Moreover, every other special condition contained in the written judgment that forbids or limits Oliphant's contact with persons under the age of 18 provides that such contact may be had after first obtaining the approval of the probation officer. Consequently, the discrepancy between the oral and written judgments is an ambiguity that can be resolved by reviewing the record as a whole; therefore, remand is unnecessary. *See id. at 558*.

Oliphant next argues that the special conditions of release which provide that he "shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children by [sic] frequently congregate" is overly vague. A special condition of supervised release that restricts a defendant's ability to interact with particular groups of people, to hold certain types of employment, and to frequent certain places must provide "fair notice" of the prohibited conduct. *United States v. Paul, 274 F.3d 155, 166 (5th Cir. 2001)* (internal quotation marks and citation omitted). We conclude that the written judgment's [*4] use of the word "other" indicates that the phrase "where children [] frequently congregate" modifies the preceding list of locations. Thus, it is clear from the language of the condition that Oliphant may visit places where children do not frequently congregate, and, as such, the provision is not overly vague. *See id.*; *cf. United States v. Peterson, 248 F.3d 79, 86 (2d Cir. 2001)*. The district court did not abuse its discretion in imposing this condition of release. *See Paul, 274 F.3d at 165*.

Oliphant additionally argues that the special conditions of release that prohibit any form of contact with children under the age of 18 impose a greater deprivation of his liberty than necessary to protect the public and deter criminal conduct. The basis for this argument is his contention that his sexual offense involved the molestation of his daughter and took place in his home; thus, he reasons, he is not a risk to the public at large in all places. Supervised release conditions cannot involve a greater deprivation of liberty than is reasonably necessary to (1) adequately deter criminal conduct, (2) protect the public from further crimes of the defendant, and (3) provide the defendant with needed [*5] correctional treatment. *Paul, 274 F.3d at 165*. The record discloses that Oliphant's sexual offenses were not limited to crimes against minors who were family members; thus, restricting Oliphant's contact with all minors is indeed rationally related to the need to protect the public. Moreover, "Congress has made clear that children, including [the defendant's], are members of the public it seeks to protect by permitting a district court to impose appropriate conditions on terms of supervised release." *United States v. Rodriguez, 558 F.3d 408, 417 (5th Cir. 2009)*. We thus conclude that Oliphant's association restrictions, which allow for contact with minors with the probation officer's prior permission, are not overly broad and, as such, his liberty interests have not been deprived in a manner greater than necessary to protect the public and adequately deter criminal conduct. *See id. at 417-18*. Again, there was no abuse of discretion on the part of the district court in imposing these association restrictions.

Oliphant's final argument that the special condition of release compelling him to submit to treatment that may include psycho-physiological testing constitutes an unnecessary deprivation [*6] of his liberty interests is not ripe for review. *See United States v. Carmichael, 343 F.3d 756, 761-62 (5th Cir. 2003)*.

AFFIRMED.

```
                                                                       103HM1
********** Print Completed **********

Time of Request: Tuesday, March 06, 2012   09:38:11 EST

Print Number:    1827:337509419
Number of Lines: 104
Number of Pages:




Send To:  Calhoun, Dustin
          OHIO AG CRIMINAL JUSTICE
          30 E BROAD ST FL 15
          COLUMBUS, OH 43215-3414
```