## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** et al., | : | Case No. 2:12-cv-188 |
| Plaintiffs, | : | Judge Sargus |
| | : | Magistrate Judge Kemp |
| v. | : | |
| **JAMES HAAS**, et. al., | : | **NOTICE OF SUPPLEMENTAL DECLARATION OF SUSAN ULLMAN OR IN THE ALTERNATIVE MOTION TO REOPEN THE TEMPORARY RESTRAINING ORDER HEARING TO ALLOW MS. ULLMAN TO CLARIFY HER TESTIMONY** |
| | : | |
| Defendants. | : | |

Plaintiffs give notice of filing of the Supplemental Declaration of Susan Ullman, which is attached as Exhibit 1.  In the alternative, should the court determine that additional questioning of Ms. Ullman is necessary, Plaintiffs move to reopen the temporary restraining order hearing to allow Ms. Ullman to clarify her testimony.  A memorandum in support of this motion is attached.

        Respectfully submitted,

        /s/ David A. Singleton
        David A. Singleton, 0074556
        Trial Attorney for Plaintiff
        Marguerite Slagle, 0082217
        Deana Taylor *
        Charles Kinsman *
        Tom Schulman *
        Alex Havlin *
        Co-Counsel for Plaintiff
        Ohio Justice & Policy Center
        215 East 9th Street, Suite 601
        Cincinnati, Ohio 45202
        513-421-1108, ext 17
        513-562-3200 – fax
        dsingleton@ohiojpc.org

* Authorized to assist in the representation of Plaintiff pursuant to Local Rule 83.6.

## **MEMORANDUM**

The court held a hearing on Plaintiffs' Motion for Temporary Restraining Order on March 16, 2012. The central issue at the hearing was whether Mr. Doe should be allowed to return home to live with his wife and children. Plaintiffs called Susan Ullman, a sex offender treatment expert, to opine whether it was safe for Mr. Doe to live with his children.

During Ms. Ullman's direct examination, plaintiffs' counsel asked: "What are your recommendations about living at home, about Mr. Doe living at home with his children, his family?" Tr. 124. Ms. Ullman responded, "Again, I believe that he should at least initially have supervision whenever he is around the children. I also believe he should be out of the home or other children should not be permitted to visit the home while Mr. Doe is in the home. I believe he should take polygraphs every six-to-eight months." *Id.* Though perhaps this particular testimony was not crystal clear, the import of Ms. Ullman's answer was that Mr. Doe should be allowed to return home immediately.

Ms. Ullman was clearer about this during cross examination. At one point, Mr. Calhoun stated, "Now you testified that you would like to see him back in the family home," to which Ms. Ullman replied, "That's correct." *Id* at 141-142. Ms. Ullman then explained that Mr. Doe's wife and parents should monitor him inside the home when the children are present. *Id*. 142.

And on redirect, Plaintiffs' counsel, referring to the fact that Mr. Doe is in a "holding pattern" with treatment because of his pending perjury charges, asked: "Are you suggesting that he should not go home until his perjury case is resolved?" *Id.* Ms. Ullman responded: "No, that's not my suggestion. My suggestion is he should go home because I don't know how long it's going to take to resolve [the perjury] case. I don't know what the future holds for him, and right now he very much needs the support of his family, and I understand his children very much

want him in the home." *Id.*

However, confusion arose during the following exchange between the court and Ms. Ullman:

> THE COURT:  * * * If you were to tell me your opinion of what you would recommend, and we didn't have the perjury charge looming as an impediment, I assume from your testimony you would say you would want him to enroll in some type of counseling or treatment program?
>
> THE WITNESS:  I would.
>
> THE COURT:  Supervision visitation to start, pretty much immediately[?]
>
> THE WITNESS: That's correct.
>
> THE COURT:  The family reunification in a residence would depend on those first two steps moving along and, as the probation officer said, some trust being established?
>
> THE WITNESS:  That's correct.

*Id.* at 143.  Later during the hearing, the court indicated it construed Ms. Ullman's answers to its questions as favoring a "gradual process" of reunifying Mr. Doe with his family.  *Id.* at 160-170.

As the attached declaration makes clear, Ms. Ullman does not recommend a "gradual process" of returning Mr. Doe to his home but instead recommends that he be allowed to live with his family immediately.   With respect to her answers to the court's questions, Ms. Ullman clarifies:

> I did not mean to suggest to the court, as my answers in response to its questions imply, that Mr. Doe should return home only after he enrolls in treatment and begins supervised visitation outside of the home.  When I answered the court's questions I was focused on what would be an ideal progression towards family reunification in a generic case involving an offender who had been convicted of sexually assaulting an unrelated minor and sought to live at home with his under aged children.  But that ideal progression in a generic case cannot apply here because Mr. Doe is not able to enroll in treatment at this time.

(Declaration of Susan Ullman at ¶10).  Ms. Ullman further explains in her declaration

3

that she is confident that Mr. Doe can safely return home based on her clinical assessment of him, during which she determined him to be a low risk to reoffend, and based on the fact that he passed a polygraph on the question of whether he ever offended against his children or is sexually aroused by them. *Id.* at ¶11.

Finally, Ms. Ullman's confidence in her opinion has increased as a result of learning that Mr. Doe did not violate his curfew as Defendants alleged at the hearing. *Id.* at ¶12.

In light of Ms. Ullman's supplemental declaration, Plaintiffs request that the court either accept her declaration as additional evidence on their motion for temporary restraining order or re-open the hearing to allow additional questioning based on the clarifications set forth in her declaration.

                                        Respectfully submitted,

                                        /s/ David A. Singleton
                                        David A. Singleton, 0074556
                                        Trial Attorney for Plaintiff
                                        Marguerite Slagle, 0082217
                                        Deana Taylor *
                                        Charles Kinsman *
                                        Tom Schulman *
                                        Alex Havlin *
                                        Co-Counsel for Plaintiff
                                        Ohio Justice & Policy Center
                                        215 East 9th Street, Suite 601
                                        Cincinnati, Ohio 45202
                                        513-421-1108, ext 17
                                        513-562-3200 – fax
                                        dsingleton@ohiojpc.org

* Authorized to assist in the representation of Plaintiff pursuant to Local Rule 83.6.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically using the Court's electronic filing system on this 3rd day of April, 2012.  The parties will receive notice of this document through that system.

/s/ David A. Singleton
David A. Singleton